**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**CHARLES GIBBONS**
1325 G Street N.W., Suite 557
Washington, DC 20005,

Plaintiff,

v.

**DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue, N.W.
Washington DC 20530,

Defendant.

Civil Action No. __________

**Complaint for Injunctive and Declaratory Relief**

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. Plaintiff seeks injunctive and declaratory relief to compel defendant Department of Justice to disclose requested records.

**Jurisdiction and Venue**

2) This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**The Parties**

3) Plaintiff Charles Gibbons is a citizen of the United States and a resident of Maryland. Plaintiff is a freelance journalist whose work has been published by, *inter alia*, the *Washington Post*, *The Nation*, and *Jacobin Magazine*.

4) Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f). The Federal Bureau of Investigation ("FBI") is a component of defendant DOJ.

**Plaintiff's FOIA Request**

5) Plaintiff requested under FOIA by electronic mail dated February 20, 2015, disclosure of any records that were prepared, received, transmitted, collected and/or maintained by the FBI, relating to the International Solidarity Movement ("ISM") January 1, 2001, to present. Plaintiff's request read, in pertinent part:

> ISM is an international non-government organization with chapters and affiliates in the United States. I request disclosure of:
>
> 1. Any records relating or referring to the International Solidarity Movement (a.k.a. ISM) including but not limited to records that document any monitoring, surveillance, observation, questioning, interrogation, investigation, infiltration and/or collection of information relating to the organization or its members.
>
> 2. Any orders, agreements, or instructions to monitor, conduct surveillance, question, interrogate, investigate, infiltrate, and/or collection information relating to the International Solidarity Movement (a.k.a. ISM) or its members.
>
> 3. Any records relating or referring to how, why or when the International Solidarity Movement (a.k.a. ISM) or its members were selected to be a subject of monitoring, surveillance, observation, questioning, interrogation, investigation, infiltration, and/or collection of information.
>
> 4. Any records relating or referring to how monitoring, surveillance, observations, questioning, interrogation, investigation, infiltration and/or collection of information relating to the International Solidarity Movement (a.k.a. ISM) or its members was or will be conducted.
>
> 5. Any records relating or referring to the names of any other federal, state or local government agencies participating in any monitoring, surveillance, observation, questioning, interrogation, investigation, infiltration and/or collection of information relating to the International Solidarity Movement (a.k.a. ISM) or its members.
>
> 6. Any records relating or referring to the specific role of the National Joint Terrorism Task Force or any local Joint Terrorism Task Force, in any monitoring, surveillance, observation,

questioning, interrogation, investigation, infiltration, and/or collection of information relating to the International Solidarity Movement (a.k.a. ISM) or its members.

7. Any records relating or referring to the specific role of any federal, state or local government agency participating in any monitoring, surveillance, observation, questioning, interrogation, investigation, infiltration and/or collection of information relating to the International Solidarity Movement (a.k.a. ISM) or its members.

8. Any records relating or referring to how records about the International Solidarity Movement (a.k.a. ISM) or its members have been, will be, or might be used.

9. Any databases, lists or other compilations of record that include the International Solidarity Movement (a.k.a. ISM) or any of its members that were prepared or are maintained for monitoring or surveillance, or other law enforcement or anti-terrorism purposes.

12.[1] All records relating to any database used for law enforcement or domestic surveillance or monitoring purposes, or for maintaining information that includes the names of organizations involved in Palestine/Palestinian solidarity, pro-Palestine/Palestinian, anti-Israel, or Boycotts, Divestment, and Sanctions demonstrations or other protest activities (including the International Solidarity Movement (a.k.a. ISM)).

13. All records relating to any lists (or directives, orders, or instructions to prepare or maintain lists) of potential security threats or Potential Threat Elements ("PTEs"), including any records relating to the criteria to be used in designated PTEs, in any states or other locations that include the names of organizations or individuals involved in involved in Palestine/Palestinian solidarity, pro-Palestine/Palestinian, anti-Israel, or Boycotts, Divestment, and Sanctions activities, demonstrations or other protest activity (including International Solidarity Movement (a.k.a. ISM)).

6) In his electronic mail to the defendant dated February 20, 2015 plaintiff requested a fee waiver as a "representative of the news media."

7) Defendant acknowledged plaintiff's request by mail on March 26, 2015 and assigned it case number 1324148-000.

8) Defendant contacted plaintiff by mail dated July 28, 2015, and informed plaintiff that the FBI had located approximately 1,396 pages of potentially responsive records, as well as one CD of potentially responsive audio/visual material.

---

[1] The paragraphs in plaintiff's request letter were mis-numbered; the original numbering is reflected here.

9) In the same communication by mail dated July 28, 2015, defendant denied plaintiff's fee waiver request and informed plaintiff the estimated total cost for processing was $55.

10) Plaintiff sent an undated letter to the defendant believed to have been mailed on August 4, 2015 stating he was willing to pay the estimated processing fee of $55.

11) Plaintiff sent a request for assistance with his FOIA request to the Office of Government Information Services ("OGIS") by mail and OGIS received this request on January 6, 2016.

12) Plaintiff received via electronic mail notice from OGIS that it had contacted the FBI. The FBI had informed OGIS that the estimated date of completion was 515 days after its March 13, 2015 receipt of the request. This would have made the estimated date of completion August 9, 2016.

13) Plaintiff contacted defendant via electronic mail on September 1, 2017 to request a new estimated date of completion.

14) Defendant responded via electronic mail that same day, stating the estimated date of completion had been pushed back to March 2018. Defendant noted, however, that, "due to our current volume and staffing levels, it may yet be a very long time before you begin receiving material related to your request."

15) As of November 15, 2018, the FBI's "Check the Status of Your FOIA Request" online tool indicated that the status of the request is "The FBI's FOIPA Program has identified potential responsive information to your request(s) and awaits assignment to a Government Information Specialist (GIS) for further processing."

16) To date, defendant has not provided any of the records requested by plaintiff.

## CAUSE OF ACTION

**Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records**

17) Plaintiff repeats and realleges paragraphs 1-16.

18) Plaintiff has exhausted the applicable and available administrative remedies with respect to defendant's processing of plaintiff's FOIA request.

19) Defendant has wrongfully withheld the requested records from plaintiff by failing to comply with the statutory time limit for rendering a determination or response to plaintiff's FOIA request.

20) Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

**Requested Relief**

WHEREFORE, plaintiff prays that this Court:

A. order defendant DOJ and its component, FBI, to disclose the requested records in their entirety and make copies available to plaintiff;

B. provide for expeditious proceedings in this action;

C. award plaintiff his costs and reasonable attorneys fees incurred in this action; and

D. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

DAVID L. SOBEL, D.C. Bar No. 360418
5335 Wisconsin Avenue, N.W.

Suite 640
Washington, DC 20015
(202) 246-6180

*Counsel for Plaintiff*